UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FUSONG JINLONG WOODEN GROUP CO., LTD., ET AL <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) )      Court No. 19-00144 |

**COMPLAINT**

On behalf of Fusong Jinlong Wooden Group Co., Ltd., Fusong Qianqiu Wooden Product Co., Ltd., and Dalian Qianqiu Wooden Product Co., Ltd. ("Plaintiffs"), Chinese exporters of multilayered wood flooring, we hereby bring this civil action and allege the following:

**Parties**

1. Plaintiffs consist of a group of Chinese exporters of multilayered wood flooring during the period of review, December 1, 2016 through November 30, 2017, that timely filed pleadings before the administering authority. Plaintiffs each qualified for and received a separate rate in this review.

2. Defendant is the United States of America acting by and through the U.S. Department of Commerce of Commerce (the "Department").

**Jurisdiction**

3. This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (2)(B)(iii) to contest the Department's final results of review under 19 U.S.C. §1675. *See Multilayered Wood Flooring from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2016–2017*, 84 Fed. Reg.

1

38,002 (August 5, 2019), *incorporating* Issues and Decision Memorandum (July 29, 2019) ("POR 6 IDM").  Accordingly, this Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## Standing

4. Plaintiffs are foreign exporters of subject multilayered wood flooring that participated in the review resulting in the contested determination.  Accordingly, the Plaintiffs are interested parties within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).

5. In addition, because the Department's Final Results overstated Plaintiffs' antidumping duty margins, they have been adversely affected or aggrieved by agency action within the meaning of Section 702 of Title 5 of the United States Code.  Therefore, Plaintiffs have standing to bring this action under 28 U.S.C. § 2631(c).

## Timeliness

6. Notice of the Final Results was published in the Federal Register on August 5, 2019.  Plaintiffs filed their summons instituting this action on August 21, 2019 of said publication, serving notice of the action upon all other participants in the investigation on the same date.  Plaintiffs are filing this complaint within thirty days after filing the aforementioned summons.  Therefore, Plaintiffs have commenced this action within the time limits specified in 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3 of the Rules of this Court.

## Facts

7. On February 23, 2018, the Department initiated the sixth administrative review of the antidumping duty order on multilayered wood flooring from China with respect to 146 companies.  *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 83 Fed. Reg. 8,061 (February 23, 2018) (Initiation Notice).

8. Based on issued quantity and value questionnaires, the Department selected the two companies accounting for the largest volume of entries: Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. ("Jiangsu Senmao") and Fine Furniture (Shanghai) Limited and Double F Limited (Collectively, Fine Furniture). *See* Memorandum from Dep't of Commerce, "Multilayered Wood Flooring from the People's Republic of China: Selection of Respondents (April 7, 2018). On July 30, 2018, the Department selected Sino-Maple (Jiangsu) Co., Ltd. ("Sino-Maple") as an additional mandatory respondent stating its intention to rescind the review for Fine Furniture. *See* Memorandum from Dep't of Commerce, Multilayered Wood Flooring from the People's Republic of China: Selection of Additional Mandatory Respondent (July 30, 2018).

9. Subsequently, Plaintiffs timely filed their separate rate certifications. *See* Letter from deKieffer & Horgan, PLLC, Multilayered Wood Flooring from the PRC: Separate Rate Certification (March 26, 2018).

10. In the Preliminary Results and Final Results, the Department calculated a weighted average dumping margin of zero for Jiangsu Senmao. *See* POR 6 IDM; *Multipayered Wood Flooring from the People's Republic of China: Preliminary Results of the Antidumping Duty Administrative Review; 2016-2017*, 83 Fed. Reg. 65,630 (December 21, 2018), *incorporating* Issues and Decision Memorandum (December 17, 2018).

11. In the Preliminary Results and Final Results, the Department found that Sino-Maple withheld information from the Department, failed to provide requested information by the established deadlines, and significantly impeded the proceeding. *Id.* Accordingly, the Department applied an adverse inference to the company and assigned the PRC-wide rate of 96.51 percent in the Preliminary Results and PRC-wide rate of 85.13 percent in the Final Results.

*Id.*

12. In the Preliminary Results and Final Results, the Department found that the Plaintiffs had properly filed their SRC and rebutted the presumption that all companies are subject to government control and assigned the Plaintiffs a separate rate. *Id.*

13. In the Preliminary Results, the Department assigned the assessment rate equal to 48.26 percent, the simple average of the separate rates assigned to Jiangsu Senmao and Sino-Maple for those cooperating separate rate companies, including the Plaintiffs. *Id.*

14. In its case brief, Plaintiffs argued that it was contrary to law and case precedent to calculate a simple average of the zero and total AFA rate assigned to the mandatory respondents to arrive at the separate rate margin. *See* deKieffer & Horgan, PLLC, Multilayered Wood Flooring from China: Separate Rate Applicants' Case Brief (March 4, 2019).

15. In the Final Results, the Department continued to apply the same methodology and calculated separate rate of 42.57 percent.

16. This appeal ensued.

## COUNT I

17. The allegations of paragraphs 1 through 16 are restated and incorporated herein by reference.

18. The Department's inclusion of a total adverse rate in the separate rate assigned to Plaintiffs, fully cooperating companies that have proven they are separate from the PRC-entity, is arbitrary and capricious, and not supported by substantial evidence on the record or in accordance with the law. 19 U.S.C. § 1516a(b)(1)(B)(i) (the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . .."). The 42.57 percent rate does not

4

reasonably reflect the rate of dumping for cooperating exporters such as Plaintiffs, and thus is arbitrary because it entirely failed to consider an important aspect that Plaintiffs have fully cooperated in this review and that rates were historically significantly lower for such cooperating separate rate companies.

## **COUNT II**

19. The allegations of paragraphs 1 through 18 are restated and incorporated herein by reference.

20. The Department's calculation of a simple-averaged rather than weighted-average margin for the separate rate dumping margin is contrary to law. *Id.* (the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . .").

## **DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in its favor and against the defendant:

(1) Declaring the Department's inclusion of a total AFA rate in the separate rate margin was unsupported by substantial evidence and not in accordance with the law;

(2) Declaring the Department's simple-averaged margin for the separate rate companies was not in accordance with the law;

(3) Ordering the Department to recalculate Plaintiffs' margin in accordance with the law; and

(4)     Proving any additional relief as may be just in the circumstances.

                                                        Respectfully submitted,

                                                        /s/ Gregory S. Menegaz

                                                        Gregory S. Menegaz
                                                        Alexandra H. Salzman
                                                        J. Kevin Horgan
                                                        John J. Kenkel
                                                        **DEKIEFFER & HORGAN, PLLC**
                                                        1090 Vermont Ave., N.W.  20005, Suite 410
                                                        Tel: (202) 783-6900
                                                        email:  gmenegaz@dhlaw.com

Dated:  August 18, 2019