IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **FUSONG JINLONG WOODEN GROUP CO., LTD.,** *et al.*, <br>           **Plaintiffs and Consolidated Plaintiffs,** <br> and <br> **LUMBER LIQUIDATORS SERVICES, LLC,** *et al.*, <br>           **Plaintiff-Intervenors,** <br> v. <br> **UNITED STATES,** <br>           **Defendant,** <br> and <br> **AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING,** <br>           **Defendant-Intervenor.** | **Before: Hon. Richard K. Eaton, Senior Judge** <br><br> **Consol. Court No. 19-00144** |

## DEFENDANT-INTERVENOR'S RESPONSE IN SUPPORT OF MOTION FOR RECONSIDERATION

Pursuant to Rule 7(d) of the Rules of this Court, Defendant-Intervenor, American Manufacturers of Multilayered Wood Flooring ("AMMWF"), respectfully submits this response to the motion for reconsideration filed by Defendant, the United States, in this action. *See* Def.'s Mot. for Reconsideration (Jan. 23, 2023), ECF No. 120 ("Req. for Reconsideration"). AMMWF supports Defendant's request for reconsideration and likewise respectfully submits that the Court should reconsider portions of its December 22, 2022 order.

In its motion, Defendant requests reconsideration of the Court's order "because the Court's remand decision is predicated on an incorrect interpretation of 19 U.S.C.§ 1677e(d) and the parties never preserved or presented the issue of whether 19 U.S.C. § 1677e(d) authorizes Commerce to

**Consol. Ct. No. 19-00144**

use a transaction-specific margin as an adverse rate." Req. for Reconsideration at 4. AMMWF agrees with Defendant's position. To start, 19 U.S.C. § 1677e(d) authorizes the use of a transaction-specific margin as adverse facts available ("AFA"). As Defendant explains, a transaction-specific margin constitutes a "dumping margin" from a "segment" of a proceeding within the meaning of the statute. *Id.* at 7-13. Additionally, Commerce relied on transaction-specific margins when selecting AFA rates prior to the enactment of the Trade Preferences Extension Act of 2015 ("TPEA"), and the TPEA was intended to provide the agency with more discretion to determine an AFA rate. *See id.* at 9-10.

Moreover, in *Nan Ya Plastics Corp v. United States*, the U.S. Court of Appeals for the Federal Circuit found that the plain language of the statute permits Commerce to use a transaction-specific margin as an AFA rate. *Nan Ya Plastics Corp. v. United States*, 810 F.3d 1333, 1345 (Fed. Cir. 2016). AMMWF recognizes, as the Court here noted, that *Nan Ya* was based on the statute prior to the enactment of the TPEA. Court's Opinion and Order, Slip-op. 22-155 at 34 n.40 (Dec. 22, 2022), ECF 106. However, the Federal Circuit's determination was based on the language in 19 U.S.C. § 1677e(b)(4), in particular, the provision allowing Commerce to use "any other information placed on the record" as AFA. *Nan Ya Plastics Corp.*, 810 F.3d at 1345. Specifically, the Court relied on the statutory language that Commerce "may use an inference that is adverse to the interests of that party in selecting from among the facts otherwise available. Such adverse inference may include reliance on information derived from . . . any other information placed on the record." 19 U.C.S. § 1677e(b)(4) (2014). This statutory language was effectively unchanged with the enactment of the TPEA. The current version of the statute states in 19 U.S.C. § 1677e(b)(1)(A) that Commerce "may use an inference that is adverse to the interests of that party in selecting from among the facts otherwise available{.}" 19 U.S.C. § 1677e(b)(1)(A). The statute

then states that "{a}n adverse inference under paragraph (1)(A) may include reliance on information derived from . . . any other information placed on the record." 19 U.S.C. § 1677e(b)(2).

In other words, in *Nan Ya*, the Federal Circuit held that statutory language allowing Commerce to use "any other information placed on the record" was unambiguous in "permit{ting} the agency to apply Shinkong's highest transaction-specific margin as Nan Ya's adverse facts available rate." *Nan Ya Plastics Corp.*, 810 F.3d at 1345. As the statute continues to contain this same language, the plain language of the statute continues to permit Commerce to rely on a transaction-specific margin as the AFA rate. *See Hyundai Steel Co. v. United States*, 319 F. Supp. 3d 1327, 1355 (Ct. Int'l Trade 2018) ("Consistent with 19 U.S.C. § 1677e(b)(2)(D), Commerce may use as AFA the highest transaction-specific margin on the record of the segment of the proceeding (citing *Nan Ya*, 810 F.3d at 1350)).[1] While AMMWF recognizes that the statutory provision relied on by the Court here—19 U.S.C. § 1677e(d)—was added to the statute as part of the TPEA, this should not be understood to have limited Commerce's authority to select an AFA rate. Aside from the fact that the language permitting Commerce to use "any other information" was unchanged, the legislative history of the TPEA, as highlighted by the Defendant, indicates that the TPEA was intended to provide Commerce with more discretion to determine an AFA rate for a non-cooperative company. This is also consistent with Defendant's discussion of the construction of 19 U.S.C. § 1677e(d). Req. for Reconsideration at 7-13. Consequently, the statute permits the use of a transaction-specific margin as AFA.

---

[1] AMMWF notes that the Court in *Hyundai* did remand the AFA rate Commerce selected, but this was based on evidence suggesting that the transaction relied on was aberrational and not the fact that a transaction-specific margin was used. *Hyundai Steel Co.*, 319 F. Supp. 3d at 1355-56.

**Consol. Ct. No. 19-00144**

Further, as Defendant explains, reconsideration is also warranted in light of the fact that the parties have not previously raised the issue of whether the statute permits the use of a transaction-specific margin as an AFA rate. Req. for Reconsideration at 13-17. While parties did challenge certain aspects of Commerce's AFA determination, including the rate that was applied, no party argued, either before the agency or the Court, that Commerce is not permitted to use a transaction-specific margin. *See id.* at 13-14. As such, Commerce did not provide an interpretation of 19 U.S.C. § 1677e(d) or otherwise discuss its authority to use a transaction-specific dumping margin as AFA. *See id.* at 13. Thus, AMMWF agrees that, if the Court does not grant reconsideration and hold that Commerce was permitted to rely on a transaction-specific margin, the Court should revise its remand instructions to direct Commerce to provide an explanation of its interpretation of the statute. *Id.* at 16-17.

Accordingly, for the reasons provided above, AMMWF supports Defendant's request for reconsideration and respectfully requests that the Court grant Defendant's motion.

Please do not hesitate to contact the undersigned should you have any questions.

Respectfully submitted,

*/s/ Timothy C. Brightbill*
Timothy C. Brightbill, Esq.
Stephanie M. Bell, Esq.
Tessa V. Capeloto, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to American Manufacturers of Multilayered Wood Flooring*

Dated: February 27, 2023