## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | |
|---|---|
| FUSONG JINLONG WOODEN GROUP CO., LTD., *ET AL.*, <br><br> Plaintiffs, <br> and <br><br> YIHUA LIFESTYLE TECHNOLOGY CO., LTD., *ET AL.*, <br><br> Consolidated Plaintiffs, <br> and <br><br> LUMBER LIQUIDATORS SERVICES, LLC, *ET AL.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br> and <br><br> AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING, <br><br> Defendant-Intervenor. | Court No. 19-00144 |

DEFENDANT'S REPLY TO THE RESPONSES
TO DEFENDANT'S MOTION FOR RECONSIDERATION

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

TARA K. HOGAN
Assistant Director

OF COUNSEL:

RACHEL BOGDAN
Senior Attorney
Office of the Chief Counsel
for Trade Enforcement and Compliance
United States Department of Commerce

BRENDAN JORDAN
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-0342

## **TABLE OF CONTENTS**

I. The Statute Permits Commerce To Use A Transaction-Specific Margin As An AFA Rate ................................................................................................................2

II. The Failure Of The Plaintiff Parties To Respond To Our Argument Regarding Whether The Court Acted Properly In Addressing An Issue Not Previously Raised Constitutes Waiver ....................................................................................6

CONCLUSION...............................................................................................................................7

# **TABLE OF AUTHORITIES**

**Cases** Page(s)

*Bonte v. U.S. Bank, N.A.*,
  624 F.3d 461 (7th Cir. 2010) .................................................................................................7

*Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*,
  467 U.S. 837 (1984) ...............................................................................................................5

*Hyundai Steel Co. v. United States*,
  319 F. Supp. 3d 1327 (Ct. Int'l Trade 2018) ..........................................................................5

*Nan Ya Plastics Corp. Ltd. v. U.S.*,
  810 F.3d 1333 (Fed. Cir. 2016)......................................................................................4, 5, 6

*SmithKline Beecham Corp. v. Apotex Corp.*,
  439 F.3d 1312 (Fed. Cir. 2006) ..............................................................................................7

**Statutes**

19 U.S.C. § 1677(35) .....................................................................................................................3

19 U.S.C. § 1677e ............................................................................................................................

19 U.S.C. § 1677e(b)(2)(D) (2018) ................................................................................................6

19 U.S.C. § 1677e(b)(4) (2012) ..................................................................................................4, 6

19 U.S.C. § 1677e(d) ..............................................................................................................*passim*

**Rules**

U.S. Ct. Int'l Trade R. 7 .................................................................................................................1

U.S. Ct. Int'l Trade R. 54(b) ..........................................................................................................1

U.S. Ct. Int'l Trade R. 59 ...............................................................................................................1

**Regulations**

19 C.F.R. § 351.414(b)..................................................................................................................3

**Legisltaive History**

161 Cong. Rec. H4666-01 (June 25, 2015) ...................................................................................4

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:    THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | |
|---|---|
| FUSONG JINLONG WOODEN GROUP CO., LTD., *ET AL*., | )<br>)<br>) |
| Plaintiffs, | ) |
| and | ) |
| YIHUA LIFESTYLE TECHNOLOGY CO., LTD., *ET AL*., | )<br>)<br>) |
| Consolidated Plaintiffs, | ) |
| and | ) |
| LUMBER LIQUIDATORS SERVICES, LLC, *ET AL*., | )  Court No. 19-00144<br>)<br>) |
| Plaintiff-Intervenors, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING, | )<br>)<br>) |
| Defendant-Intervenor. | ) |

**DEFENDANT'S REPLY TO THE RESPONSES
TO DEFENDANT'S MOTION FOR RECONSIDERATION**

Pursuant to Rules 7, 54(b), and 59 of the Court's Rules and this Court's June 22, 2023 order, ECF No. 141, defendant, the United States, respectfully submits the following reply to the

responses to our motion for reconsideration of the Court's December 22, 2022 opinion and order that remanded this matter to the Department of Commerce.[1]

As we demonstrated in our opening brief, ECF No. 120 (Opening Br.), the plain meaning and legislative history of the Tariff Act of 1930, as amended, both confirm that Commerce is authorized to use a transaction-specific margin as an adverse facts available (AFA) rate. As we demonstrate below, Lumber Liquidators Services, LLC's argument that 19 U.S.C. § 1677e(d) does not permit Commerce to use a transaction-specific rate as an AFA rate is unpersuasive.[2] *See* ECF No. 137 (Pl. Resp.).

Further, the plaintiff parties' failure to respond to our argument in our opening brief that reconsideration is warranted because the Court addressed an issue not advanced by the parties constitutes waiver. Accordingly, the Court should reconsider and revise its December 22, 2022 order, ECF No. 119 (remand order), to reflect that Commerce lawfully selected the 85.13 percent transaction-specific AFA rate.

I. **The Statute Permits Commerce To Use A Transaction-Specific Margin As An AFA Rate**

---

[1] In granting our January 23, 2023 motion for reconsideration, the Court did not decide whether its December 22, 2022 opinion contained legal error and instead ordered additional briefing. *See* ECF No. 127. The Court ordered that our motion for reconsideration would function as "the opening brief in the reconsideration proceeding" to which the other parties could file briefs in response, ECF No. 127. After the other parties submitted responses to our opening brief, we moved for leave to file a reply to those responses, which the Court granted. *See* ECF No. 141.

[2] Consolidated Plaintiffs Struxtur, Inc., Evolutions Flooring, Inc., Linyi Anying Wood Co., Ltd., and Linyi Youyou Wood Co., Ltd. and Consolidated Plaintiffs Metropolitan Hardwood Floors, Inc., Nakahiro Jyou Sei Furniture (Dalian) Co., Ltd., Shenyang Haobainian Wooden Co., Ltd., Cohesion Trading Limited, Galleher Corp., Galleher LLC, MGI International, Mobetta Trading Limited, and Wego International Floors LLC each submitted a response to our motion for reconsideration. *See* ECF Nos. 136 and 139. However, the briefs submitted by these consolidated plaintiffs merely incorporate by reference the arguments advanced by Lumber Liquidators and do not advance any additional arguments. None of the other plaintiffs filed a response.

Lumber Liquidators asserts that 19 U.S.C. § 1677e(d) should be interpreted to indicate Commerce may only select a "*calculated* dumping margin from any segment of the proceeding, not a margin based on a single sales transaction from the current review." *See* Pl. Resp. at 3 (emphasis in original) (internal quotation marks omitted). They further argue that only a weighted-average dumping margin is a "calculated" dumping margin from any segment of the proceeding. However, this interpretation is contrary to the plain language of the statute, which states that when Commerce uses adverse facts available in an antidumping duty proceeding, it may use "*any* dumping margin from any segment of the proceeding under the applicable antidumping order." 19 U.S.C. § 1677e(d)(1)(B) (emphasis added); *see also* Opening Br. at 7-10.

In addition, "{i}n carrying out {19 U.S.C. § 1677e(d)(1)}" Commerce may apply "any dumping margins specified under that paragraph, including the highest such rate or margin," based on an evaluation by Commerce of the situation that resulted in Commerce using AFA. 19 U.S.C. § 1677e(d)(2). A "dumping margin" is "the amount by which the normal value exceeds the export price or constructed export price of the subject merchandise." 19 U.S.C. § 1677(35)(A). The 85.13 percent transaction-specific margin calculated in this review equates to "the amount by which the normal value exceeds the export price of the subject merchandise." *See id.*; *see also* 19 C.F.R. § 351.414(b)(3) (noting that one method of how Commerce can compare export price with normal value is through "a comparison of the weighted average of the normal values to the export prices (or constructed export prices) of individual transactions for comparable merchandise."). Therefore, Commerce calculated a "dumping margin" within the plain meaning of 19 U.S.C. § 1677(35)(A) when it calculated the transaction-specific dumping margin of 85.13 percent.

The 85.13 percent transaction-specific margin is also "from" a "segment of the proceeding" under the applicable antidumping order within the meaning of 19 U.S.C. §§ 1677e(d)(1)(B) and (d)(2) because it was calculated during an administrative review of the multilayered wood flooring antidumping duty order. In fact, the margin was calculated during the specific administrative review that is the subject of this case. *See* Final IDM at 12 (Determination that 85.13 percent is the highest transaction-specific margin for mandatory respondent Senmao, which was the basis for the AFA rate applied to the other mandatory respondent, Sino-Maple); *see also* Opening Br. at 10-13. Thus, Lumber Liquidators' assertion that Commerce cannot apply a transaction-specific dumping margin as an AFA rate is not supported by 19 U.S.C. § 1677e(d)(2). *See* Pl. Resp. at 3.

Lumber Liquidators also argue that the legislative history cited in the remand order supports the position that Commerce is not permitted to use a transaction-specific margin as an AFA rate. *See* Pl. Resp. at 4. However, the legislative history of the Trade Preferences Extension Act of 2015 (TPEA), which amended 19 U.S.C. § 1677e(d), indicates that Congress intended to give Commerce *more* discretion in selecting AFA margins. *See* 161 Cong. Rec. H4666-01, H4695 (June 25, 2015) (explaining that the revisions the TPEA made to 19 U.S.C. § 1677e were intended to "provide{} the Department of Commerce with more discretion to determine {a}{sic} dumping or subsidy rate to apply to an uncooperative foreign company.").

Prior to the TPEA amendments, Commerce had statutory authority to select transaction-specific margins as AFA rates. *See, e.g., Nan Ya Plastics Corp. Ltd. v. U.S.*, 810 F.3d 1333, 1350 (Fed. Cir. 2016) (holding that 19 U.S.C. § 1677e(b)(4) (2012) unambiguously permits Commerce to select a respondent's highest transaction-specific margin as an AFA rate). There is nothing in the legislative history to suggest that Congress intended to rescind Commerce's

4

authority to select a transaction-specific AFA margin; indeed, to view the TPEA amendments as *limiting* Commerce's discretion runs counter to Congress's express intent in amending 19 U.S.C. § 1677e(d).  *See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984) ("{i}f the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.").

Lumber Liquidators also cite *Hyundai Steel Co. v. United States* for the proposition that the statute does not permit Commerce to "give disproportionate weight to a single transaction out of many, as it did here."  *See* Pl. Resp. at 5 (citing 319 F. Supp. 3d 1327, 1355-56 (Ct. Int'l Trade 2018)).  However, the Court in *Hyundai Steel* did not hold that Commerce lacks statutory authority to select a transaction-specific margin as an AFA rate.  Rather, the Court held the specific margin Commerce selected as an adverse inference was aberrational, in light of record evidence that indicated the sale in question was invoiced differently than respondent's other U.S. sales because of the nature of the product.  *Id.* at 1355.  Indeed, the Court there confirmed Commerce's authority to "use as AFA the highest transaction-specific margin on the record of the segment of the proceeding" and reiterated that "{t}he agency has broad discretion to select a margin to use as adverse facts available, particularly following the amendments to 19 U.S.C. § 1677e pursuant to the TPEA and when using primary information as AFA. . . ."  *Id*.  In support of this holding, the Court cited Federal Circuit precedent that held Commerce has the authority to use a transaction-specific margin as an AFA rate.  *Id.* (citing *Nan Ya Plastics*, 810 F.3d 1333, 1350 (Fed. Cir. 2016)).

In its remand order, the Court held that *Nan Ya Plastics* "dealt with a version of the statute that pre-dates the enactment of the {TPEA}."  Remand Order at 34 n.40.  In *Nan Ya Plastics*, the Federal Circuit held that the statutory phrase "any other information placed on the

5

record" in 19 U.S.C. § 1677e(b)(4) unambiguously permitted Commerce to apply a transaction-specific margin as an AFA rate.  810 F.3d at 1345.  Although the TPEA effected certain amendments to the statutory scheme, Congress did not disturb the language at issue in *Nan Ya Plastics* when it amended 19 U.S.C. § 1677e.  *See id*. at 1346 (holding that 19 U.S.C. § 1677e(b)(4) (2012) unambiguously permits Commerce to select a respondent's highest transaction-specific margin as an AFA rate as "any other information placed on the record"); *Compare* 19 U.S.C. § 1677e(b)(4) (2012), *with* 19 U.S.C. § 1677e(b)(2)(D) (2018); *see also* Def.-Int. Resp. at 3-4.  Therefore, although Commerce's reliance on the highest transaction-specific margin is permissible under 19 U.S.C. § 1677e(d)(1)(B) as discussed above, Commerce is also authorized to apply a transaction-specific margin as an AFA rate as "any other information placed on the record" under 19 U.S.C. § 1677e(b)(2)(D).

II.     **The Failure Of The Plaintiff Parties To Respond To Our Argument Regarding Whether The Court Acted Properly In Addressing An Issue Not Previously Raised Constitutes Waiver**

In their response, Lumber Liquidators do not challenge our argument that reconsideration is warranted because the parties did not previously raise the issue, either before this Court or before Commerce, of whether 19 U.S.C. § 1677e(d) authorizes the use of a transaction-specific dumping margin as an AFA rate and whether the method Commerce used to select Sino-Maple's AFA rate is consistent with this interpretation of 19 U.S.C. § 1677e(d).  *See* Opening Br. at 13-16; *see also* Def.-Int. Resp. at 1-2.  The remaining plaintiff parties similarly failed to respond to our argument as they either submitted a perfunctory response that simply incorporated arguments made by Lumber Liquidators or submitted no response at all.  Thus, to the extent that whether the Court could permissibly address an issue not advanced by the parties has not already been resolved by this Court, the Court should consider the plaintiff parties to have waived any argument opposing our position on this issue.  *See SmithKline Beecham Corp. v. Apotex Corp.*,

6

439 F.3d 1312, 1319 (Fed. Cir. 2006) ("Our law is well established that arguments not raised in [a party's] opening brief are waived."); *see also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" a concession.).

## CONCLUSION

For these reasons, we respectfully request that this Court grant our motion for reconsideration and revise its remand order to reflect that Commerce lawfully selected the 85.13 percent transaction-specific AFA rate.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

s/ Brendan Jordan
BRENDAN JORDAN
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-0342

OF COUNSEL:

RACHEL BOGDAN
Senior Attorney
Office of the Chief Counsel
for Trade Enforcement and Compliance
United States Department of Commerce

July 24, 2023

Attorneys for Defendant

7