Slip Op. 23-145

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FUSONG JINLONG WOODEN GROUP CO., LTD., ET AL., | |
| Plaintiffs, | |
| YIHUA LIFESTYLE TECHNOLOGY CO., LTD., ET AL., | |
| Consolidated Plaintiffs, | |
| and | Before: Richard K. Eaton, Judge |
| LUMBER LIQUIDATORS SERVICES, LLC, ET AL., | Consol. Court No. 19-00144 |
| Plaintiff-Intervenors, | |
| v. | |
| UNITED STATES, | |
| Defendant, | |
| and | |
| AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING, | |
| Defendant-Intervenor. | |

### ORDER

Before the court is the motion of Defendant United States, on behalf of the Department of Commerce ("Commerce" or the "Department"), for reconsideration, ECF No. 120. Defendant's motion follows the court's decision in *Fusong Jinlong Wooden Grp. Co. v. United States*, 46 CIT __, 617 F. Supp. 3d 1221 (2022) ("*Fusong I*"), which held that Commerce's use of Senmao's highest transaction-specific dumping margin as Sino-Maple's adverse facts available rate was not

authorized by the statute. The court remanded the final results to Commerce with instructions to "reconsider the method used to select Sino-Maple's [adverse facts available] rate to comply with the statute, 19 U.S.C. § 1677e(d)." *Id.*, 46 CIT at __, 617 F. Supp. 3d at 1252. Defendant, by its motion, asks the court to find that Commerce's method for selecting an adverse facts available rate was lawful.

Upon consideration of Defendant's motion, and other papers and proceedings had herein, and upon due deliberation, it is hereby

**ORDERED** that Defendant's motion is granted, and the court finds that Commerce's method for selecting an adverse facts available rate for Sino-Maple was lawful; it is further

**ORDERED** that *Fusong I* is hereby partially vacated, only to the extent the court held that Commerce was prohibited from using Senmao's highest transaction-specific dumping margin as Sino-Maple's adverse facts available rate; and it is further

**ORDERED** that, because the court remanded Commerce's final results solely on this point, the Department is relieved of the obligation to conduct a remand redetermination and file its results.

The court will issue a subsequent opinion deciding the issues upon which it previously reserved decision. *See id.*, 46 CIT at __, 617 F. Supp. 3d at 1227 n.8.

                                                                         /s/ Richard K. Eaton
                                                                                       Judge

Dated: October 4, 2023
             New York, New York