**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:     THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | |
|---|---|
| FUSONG JINLONG WOODEN GROUP CO., LTD. ET AL., | ) |
| Plaintiffs, | ) |
| YIHUA LIFESTYLE TECHNOLOGY CO., LTD. ET AL., | ) |
| Consolidated Plaintiffs, | ) |
| and | ) |
| LUMBER LIQUIDATORS SERVICES, LLC ET AL., | ) |
| Plaintiff-Intervenors, | ) |
| v. | ) Consol. Court No. 19-00144 |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING, | ) |
| Defendant-Intervenor. | ) |

**DEFENDANT'S RESPONSE IN SUPPORT OF REMAND REDETERMINATION**

Defendant, the United States, respectfully submits this response in support of the

Department of Commerce's (Commerce) final results of redetermination filed in accordance with

this Court's decision and remand order in *Fusong Jinlong Wooden Group Co., Ltd. et al. v.

United States*, Slip Op. 24-29 (Ct. Int'l Trade 2024) (*Fusong II*).  *See* Final Results of

Redetermination Pursuant to Court Remand, June 7, 2024 (remand redetermination), ECF No.

165.  Plaintiff and defendant-intervenor did not file comments on Commerce's remand

redetermination, and consolidated plaintiffs and plaintiff-intervenors submitted comments

requesting that the Court sustain Commerce's remand redetermination.  *See* Consolidated

Plaintiffs' Comments on Final Remand Results, ECF No. 166 *and* Plaintiff-Intervenors'

Comments on Defendant's Final Remand Results, ECF No. 167.  For the reasons explained

below, we respectfully request that the Court sustain Commerce's remand redetermination and

enter judgment for the United States.

In the final results in the 2016-17 administrative review of the antidumping duty order

covering multilayered wood flooring from the People's Republic of China, Commerce

determined that it would not be practicable in light of its resources to individually examine all

companies for which an administrative review was initiated, and therefore, selected Jiangsu

Senmao Bamboo and Wood Industry Co., Ltd. (Senmao) and Sino-Maple (Jiangsu) Co., Ltd.

(Sino-Maple) as mandatory respondents.  *See* 2016-2017 Administrative Review of Multilayered

Wood Flooring from the People's Republic of China: Selection of Respondents (P.R. 258) (C.R.

159).  Commerce determined a zero percent rate for Senmao and an 85.13 percent rate for Sino-

Maple based entirely on facts available with an adverse inference (AFA).  *See Multilayered Wood*

*Flooring from the People's Republic of China: Final Results of Antidumping Duty Administrative*

*Review, Final Determination of No Shipments, and Partial Rescission; 2015-2016*, 84 Fed. Reg.

38002 (July 26, 2018) (Final Results) (P.R. 483), and accompanying Issues and Decision

Memorandum (IDM) (P.R. 484).

Commerce also determined that some of the exporters not selected for individual review

were eligible for a separate rate because they demonstrated both *de jure* and *de facto*

independence from the government of China.  Commerce assigned these companies a separate rate calculated as the simple average of Senmao's zero percent rate and Sino-Maple's 85.13 percent AFA rate (*i.e.*, 42.57 percent).  *See* Final Results.

On December 22, 2022, the Court issued its initial decision in *Fusong Jinlong Wooden Group Co. v. United States*, Slip Op. 22-155 (Ct. Int'l Trade 2022) (*Fusong I*), which remanded Commerce's final results on the issue of whether Commerce's use of Senmao's highest transaction-specific dumping margin as Sino-Maple's AFA rate was authorized by 19 U.S.C. § 1677e(d).  After the Court issued *Fusong I*, Commerce filed a motion for reconsideration and this Court found that Commerce's method for selecting an AFA rate for Sino-Maple was lawful. In *Fusong II*, this Court addressed whether Commerce's method of calculating the separate rate was supported by substantial evidence and in accordance with law.  This Court found that Commerce's calculation of the separate rate using a simple average of the two individually examined mandatory respondents' rates, a zero percent rate and an 85.13 percent rate based on AFA, was a deviation from the expected method whereby a weighted average would be used to calculate the separate rate, and thus, Commerce was required to explain this deviation.

On remand, Commerce complied with the Court's decision and order in *Fusong II* by recalculating the dumping margin in line with the statute and the expected method discussed in the Statement of Administrative Action (SAA).  *See* Draft Remand Calculation Memorandum (R.P.R. 1) (R.C.R. 1).  Specifically, consistent with the expected method, Commerce used Senmao's and Sino-Maple's volume data to calculate a weighted-average rate while also ensuring that respondent's business proprietary information concerning sales value information was not exposed.  Remand Redetermination at 5-6.  No parties commented on Commerce's draft

3

results of redetermination, and so Commerce continued to use the same methodology in the final remand redetermination.

Commerce has complied with the Court's remand order in *Fusong II*.  Further, no party challenges Commerce's remand redetermination.  For these reasons, we respectfully request that this Court sustain Commerce's remand redetermination and enter judgment in favor of the United States.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

OF COUNSEL:
CHRISTOPHER A. KIMURA
Attorney
Office of the Chief Counsel
for Trade Enforcement and Compliance
U.S. Department of Commerce
Washington, D.C.

/s/ Brendan Jordan
BRENDAN JORDAN
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0342
E-mail: Brendan.D.Jordan@usdoj.gov

July 23, 2024

Attorneys for Defendant

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | |
|---|---|
| FUSONG JINLONG WOODEN GROUP CO., LTD. ET AL., | ) ) ) |
| Plaintiffs, | ) ) |
| YIHUA LIFESTYLE TECHNOLOGY CO., LTD. ET AL., | ) ) ) |
| Consolidated Plaintiffs, | ) ) |
| and | ) ) |
| LUMBER LIQUIDATORS SERVICES, LLC ET AL., | ) ) ) |
| Plaintiff-Intervenors, | ) ) |
| v. | ) Consol. Court No. 19-00144 |
| UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING, | ) ) ) |
| Defendant-Intervenor. | ) ) |

**ORDER**

Upon consideration of the Department of Commerce's final results of redetermination pursuant to remand, defendant's response in support thereto, and all other pertinent papers, it is hereby

ORDERED that the remand results are sustained in their entirety.

Dated:_____, 2024        _____

New York, NY                                    RICHARD K. EATON, SENIOR JUDGE